UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN D. REINKE,
    Plaintiff(s),

v.                                          Case No.

STERLING INFOSYSTEMS, INC., a foreign
corporation,
    Defendant(s).
_____/

# COMPLAINT

Plaintiff, John D. Reinke, sues Defendant, Sterling Infosystems, Inc., f/k/a Sterling Testing Systems, Inc., a/k/a Sterling Testing Agency, and alleges as follows:

1. Plaintiff sues Defendant to remedy violations of his rights under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("the act"), for Defendant's wrongful reporting of inaccurate information in consumer reports pertaining to him and provided to Plaintiff's employer or prospective employer, its failure to provide him with notice of providing such a report to his employer or prospective employer and a copy of the report it provided and its failure to perform its legal obligations upon his notifying Defendant of inaccurate information in its file. Plaintiff seeks a declaratory judgment and an award of damages against the defendant for the greater amount of actual damages or statutory damages, punitive damages, attorney's fees, litigation expenses and costs and any other relief available.

2. This court has original jurisdiction of Plaintiff's claims under 28 U.S.C. § 1331, 15 U.S.C. § 1681p and 28 U.S.C. §§ 2201 and 2202.

3. Plaintiff, John D. Reinke, is an individual and a citizen of the State of Wisconsin.

4. Defendant, Sterling Infosystems, Inc., formerly known as Sterling Testing Systems, Inc., also known as Sterling Testing Agency, is a foreign corporation with its principal office in New York, New York.

5. At all times relevant, Defendant was doing business in the State of Wisconsin.

6. The claims alleged herein arose in the Eastern District of Wisconsin.

7. Defendant is and was all times relevant, regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(d) to third parties under contract for monetary compensation.

8. Defendant specifically markets its products and services to employers and potential employers of consumers for the purpose of providing a background investigation of employees and prospective employees.

9. Defendant collects or disburses such reports with the expectation that the information will be used in whole or in part for the purpose of serving as a factor in establishing a consumer's eligibility for: (A) credit or insurance to be used primarily for personal, family, or household purposes; or (B) employment purposes; or (C) any other purpose authorized under 15 U.S.C. § 1681b.

10. On or about September 3, 2008, Plaintiff was working for Cargill, Incorporated, or one of its subsidiaries or affiliates ("Cargill"), through a temporary or a temp-to-hire agency, and he applied for a permanent position with Cargill.

11. On or about September 5, 2008, Defendant sold or otherwise provided to Cargill, Incorporated, or one of its subsidiaries or affiliates ("Cargill"), a report from its files pertaining to Plaintiff.

12. Cargill requested this report from Defendant to use as part of its application and evaluation of Plaintiff for employment.

13. The information that Defendant sold or provided to Cargill contained information bearing on Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.

14. The report that Defendant sold or provided to Cargill contained public records, including include arrest and conviction records that Defendant associated with Plaintiff.

15. Plaintiff is a consumer as defined by the act.

16. Defendant is a person as defined by the act.

17. Plaintiff's consumer information that Defendant obtained and used was from a consumer file as defined by the act.

18. The report that Defendant sold or provided to Cargill with Plaintiff's consumer information is a consumer report as defined by the act.

19. The information that Defendant provided to Cargill contained inaccurate public record information, wrongly stating that Plaintiff was convicted in 1992 of First Degree Intentional Homicide in Milwaukee County, Wisconsin.

20. The inaccurate public record information that Defendant reported on Plaintiff was public record information that was likely to have an adverse effect upon Plaintiff's ability to obtain or maintain employment.

21. On or about September 15, 2008, Cargill terminated Plaintiff's employment or rescinded its offer of employment to Plaintiff because of the inaccurate public record information it received from Defendant.

22. Plaintiff learned that Defendant provided the consumer report to Cargill upon receipt of Cargill's written letter of September 15, 2008, which he received on September 18, 2008.

23. After Cargill terminated or rescinded its offer of employment to Plaintiff, Plaintiff contacted Defendant by telephone and notified Defendant of his dispute over the accuracy of its report on him, specifically the public record portion stating that he was convicted of First Degree Intentional Homicide.

24. Defendant wrongly failed to perform any of its reinvestigation duties under the act upon receiving notice that Plaintiff disputed the inaccurate information.

25. Rather than performing a reinvestigation as required by 15 U.S.C. 1681i, Defendant told Plaintiff that he had to go to the court to get the information corrected.

26. On or about September 23, 2008, Plaintiff obtained a copy of his 1992 conviction record directly from the Clerk of the Circuit Court for Milwaukee County, Wisconsin. The conviction record does not reflect a conviction for First Degree Intentional Homicide.

27. Plaintiff's conviction record at the court did not reflect a conviction for First Degree Intentional Homicide at the time that Defendant sold or provided its report to Cargill.

28. Defendants willfully or, in the alternative, negligently failed to comply with the requirements of the FCRA, and in doing so violated Plaintiff's rights.

29. Defendant's violation of Plaintiff's rights under the FCRA caused Plaintiff mental anguish, damage to his reputation and economic damages.

30. Defendant is liable to Plaintiff for the greater of actual damages or statutory damages and, for willful violations, punitive damages against the defendant as provided under the act.

31. Plaintiff has retained the undersigned attorneys to pursue these claims and is obligated to them for attorney's fees and expenses.

32. Defendant failed to comply with its obligations under the FCRA at 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of the information in the file it maintains on and its reports regarding Plaintiff.

33. Defendant failed to comply with its obligations under the FCRA at 15 U.S.C. § 1681k by failing to timely provide Plaintiff notice of the fact that it was reporting public record information, together with the name and address of the person to whom it was reporting such information and in failing to maintain strict procedures designed to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported is complete and up to date.

34. Defendant failed to comply with its obligations under the FCRA at 15 U.S.C. § 1681i by negligently performing or, in the alternative, failing to perform one or more of its reinvestigation duties on Plaintiff's dispute of the inaccurate information contained in Defendant's consumer report.

35. Defendant failed to comply with its obligations under the FCRA at 15 U.S.C. § 1681i by wrongly failing to delete the information or modify it as requested in Plaintiff's dispute.

36. Defendant failed to comply with its obligations under the FCRA at 15 U.S.C. § 1681i(a)(6) by failing to timely provide Plaintiff with the information required by § 1681i(a)(6) in a Notice of Results of Reinvestigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands as to all counts a jury trial and judgment against the defendant for actual damages, statutory damages in the alternative to actual damages, punitive

5

Case 2:10-cv-00798-PJG   Filed 09/16/10   Page 5 of 6   Document 1

damages for willful violations, attorney's fees and expenses, costs, a declaration that Defendant has violated Plaintiff's rights under the Fair Credit Reporting Act and that its information pertaining to Plaintiff is inaccurate and other relief this court finds appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial.

Respectfully submitted,

s/GORDON R. LEECH
Wis. Bar No. 1039489

Attorneys for Plaintiff

Gordon R. Leech
Consumer & Employment Law Center of
Wisconsin, S.C.
P.O. Box 309
Cedarburg, WI 53012-0309
Tel: (262) 347-3373
Fax: (262) 347-3374
Email: gleech@wis-celc.com